

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** § § | |
| **V.** § § § | **CASE NO. 1:17-CR-34** |
| **MARTIN GUTIERREZ** § | |

**REPORT AND RECOMMENDATION
ON DEFENDANT'S COMPETENCY TO STAND TRIAL**

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the United States District Court for the Eastern District of Texas, this criminal proceeding is before the undersigned United States Magistrate Judge upon referral from the District Court. The Court now enters its recommendation that the District Court find the defendant, Martin Gutierrez, competent to proceed.

  A. <u>Procedural History</u>

On April 5, 2017, a federal grand jury charged Defendant, Martin Gutierrez, with two counts of assaulting a federal officer in violation of 18 U.S.C. § 111(a)(1). The Indictment alleges that Gutierrez assaulted two correctional officers on November 1, 2016 (Count One) and November 30, 2016 (Count Two), respectively. *See Indictment* (doc. #2). At the time of the

1

alleged assaults, Gutierrez was an inmate in the Federal Bureau of Prisons (BOP) at the Federal Correctional Complex (FCC) in Beaumont, Texas, where he was serving a sentence imposed for a prior conviction in the Southern District of Texas (Brownsville Division).

Gutierrez made his first appearance on the Indictment before this court on April 26, 2017. The undersigned appointed the Federal Public Defender to represent the defendant prior to the hearing. Accordingly, counsel was present for Gutierrez at his initial appearance representing the defendant. At that time, it became clear that Gutierrez was suffering from some mental health issues and counsel for all parties agreed that it would be best to have him evaluated for competency purposes. Defense counsel therefore filed a notice of insanity defense and a motion for psychiatric exam on May 1, 2017. The presiding District Judge, the Honorable Thad Heartfield, referred the competency issue to the undersigned magistrate judge for recommended disposition. *See Order* (doc. #11). On May 2, 2017, this court issued the initial order directing that the defendant be committed to a federal medical facility pursuant to 18 U.S.C. §§ 4241 and 4242, where he was to be examined pursuant to the provisions of 18 U.S.C. § 4247(b) (doc. #12).

B.   Developments in the Competency Evaluation

The Court received the first examiner's report (Dr. Robert Johnson, Ph.D.) on July 11, 2017 (doc. #14). On August 2, 2017, the Court conducted a hearing to address the competency findings in that first report. Following the first competency hearing, pursuant to the psychological examiner's initial recommendation, the undersigned ordered that Mr. Gutierrez "remain committed to the custody of the Attorney General for hospitalization in a Federal Medical Center or other suitable facility for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he

will attain the capacity to permit the trial to proceed." *See Order* (doc. #16). The Court further directed the filing of "a report on the mental state of Gutierrez or a certificate of competency in accordance with the provisions of 18 U.S.C. §§ 4241(e) and 4246." *Id*. The undersigned also stated that "[a]t that time, upon receipt of the examiner's report or a certificate regarding competency, the undersigned United States Magistrate Judge will revisit the issue of the defendant's competency to stand trial pursuant to 18 U.S.C. § 4241 and issue the appropriate findings and recommended disposition." *Id*.

On November 15, 2017, the Court received an updated psychiatric report from the clinical psychologists at the Federal Medical Center (FMC) in Butner, North Carolina. *See Sealed Report* (doc. #17). In that report, the examiners opined that Mr. Gutierrez's mental health continued to render him not competent to proceed to trial. The examiners further noted that there is a substantial probability his competency can be restored with treatment through medicine. The report accordingly cites the factors set forth in *Sell v. United States*, 539 U.S. 166 (2003), as the parameters for consideration in Mr. Gutierrez's case.

Upon receipt of the second report and pursuant to the FMC Butner examiners' recommendation, the undersigned directed the parties to submit briefs addressing the first factor for consideration under *Sell* – whether governmental interests are at stake in bringing the defendant to trial. *See Sealed Order* (doc. #18); *see also Sell*, 539 U.S. at 180. The Court opted to address this initial determination on the governmental interest factor as a preliminary matter. This approach derived from the psychiatric evaluators' indication that they "will submit an Addendum to the Forensic Evaluation which will outline in detail their proposed treatment plan and further details pertinent to the remaining *Sell* factors" only after the Court has made the threshold

3

determination of whether or not governmental interests are at stake in bringing the defendant to trial "so as to warrant consideration of involuntary treatment to restore Mr. Gutierrez's competence to stand trial." *See Sealed Report* (doc. #17), at pp. 7-8.

After consideration of the parties' briefs on the governmental interest factor, the undersigned issued an order containing factual findings and analysis. The Court ultimately determined that the "the threshold burden of establishing that important governmental interests are at stake in bringing Mr. Gutierrez to trial has been met." *See Sealed Order* (doc. #21), filed December 28, 2017, at p. 7. That order further directed that "the defendant remain in the custody of the Attorney General for hospitalization the Federal Medical Center (FMC) – Butner for further evaluation and preparation of a proposed treatment plan outlining further details pertinent to the remaining *Sell* factors. Upon receipt of that proposed treatment plan, the Court will set a hearing as necessary to consider the remainder of the *Sell* factors before recommending a course of action on any proposed involuntary treatment purposed to restore Mr. Gutierrez's competency to stand trial." *Id*.

On May 17, 2018, the Court conducted a hearing regarding the involuntary medication of Mr. Gutierrez to restore competency under *Sell*. At the hearing, the Court heard testimony from Dr. Logan Graddy, Chief Forensic Psychiatrist at FMC Butner. The Court also admitted other evidence into the record and considered Dr. Graddy's proposed treatment plan for Gutierrez. *See Exhibit List* (doc. #26); *Sealed Forensic Addendum and Treatment Plan* (doc. #22).

After the hearing, the Court issued a detailed Report and Recommendation (doc. #27) considering the *Sell* factors, entering findings regarding the proposed treatment plan and the restoration of competency, and ultimately recommending that the District Court order that Mr.

4

Gutierrez undergo involuntary medication treatment in an effort to restore his competency. The parties did not object to that recommendation. Accordingly, on June 29, 2018, United States District Judge Thad Heartfield entered his order adopting the undersigned's recommended disposition and directing that Mr. Gutierrez undergo treatment and continue to be committed at FMC Butner while the staff there carries out the recommended treatment plan. *See Order* (doc. #28). Judge Heartfield further ordered that at the close of the additional 120 day commitment period, the forensic experts are to submit a supplemental report regarding Mr. Gutierrez's progress and the status of his competency restoration after the course of his involuntary treatment. *See id*.

On November 20, 2018, the undersigned received the updated Forensic Evaluation, dated October 18, 2018, from the warden at FMC Butner. *See Sealed Report* (doc. #29). Allyson Sharf, M.S., and Krsitina P. Lloyd, Psy. D., ABPP, members of the forensic psychology staff at FMC Butner prepared the detailed report. At that time, the psychologists requested that the Court permit another 120-day evaluation and treatment period, pursuant to Title 18, U.S.C., § 4241(d), for purposes of continuing Mr. Gutierrez on his psychotropic medications and to continue efforts purposed to restore his competency to proceed. On November 29, 2018, the undersigned granted this request by entering a *Second Order Extending the Commitment for Restoration of Competency* (doc. #30).

    C.    <u>Current Competency Findings Before the Court for Consideration</u>

On February 21, 2019, the acting warden for FMC Butner issued a letter notifying the Court and counsel that Mr. Gutierrez is now competent to stand trial. *See* doc. #31, #32. The warden

5

also forwarded a sworn Certificate of Restoration of Competency to Stand Trial[1] as well as a copy of the most recent forensic evaluation prepared by the forensic psychology staff at FMC Butner. *See id.* The examiners signed that report on February 22, 2019. *See* doc. #31.

The competency report, which reflects the examiner's method of evaluation and opinion in detail and sets forth the corresponding psychological findings and recommendations, was filed in the record under seal and provided to both the defendant's attorney and the attorney for the Government. On April 17, 2019, the Court conducted a competency hearing to address the findings set forth in the psychological report. Given the opportunity, neither party objected to the report or offered evidence disputing the examiner's conclusion that Mr. Gutierrez is now competent to proceed.

    D.    <u>Conclusion and Recommendation</u>

Pursuant to 18 U.S.C. §§ 4241(d) and (e), the undersigned United States Magistrate Judge finds by a preponderance of the evidence that the defendant, Martin Gutierrez, has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense. Accordingly, based upon the opinion issued by the forensic psychological examiner and the agreement of the parties, at this time the Court recommends that defendant be found competent to proceed pursuant to 18 U.S.C. § 4241.

---

[1] "When the director of the facility in which a defendant is hospitalized pursuant to [18 U.S.C. § 4241(d)] determines that the defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, he shall promptly file a certificate of that effect with the clerk of the court that ordered the commitment." 18 U.S.C. § 4241(e).

E.   Objections

Objections must be:  (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report.  See 28 U.S.C. § 636(b)(1).  A party's failure to object bars that party from:  (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).  The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation.  *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 19th day of April, 2019.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE