

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CASE NO. 1:17-CR-34 |
| | § | |
| | § | |
| MARTIN GUTIERREZ | § | |

### REPORT AND RECOMMENDATION
### ON DEFENDANT'S COMPETENCY TO PROCEED

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the United States District Court for the Eastern District of Texas, this criminal proceeding is before the undersigned United States Magistrate Judge upon referral from the District Court. The Court now enters its recommendation that the District Court find the defendant, Martin Gutierrez, competent to proceed.

  A.  <u>Procedural History</u>

On October 21, 2019, Mr. Gutierrez was convicted of assaulting a federal officer after entering a plea of guilty. *See Judgment* (doc. #54). United States District Judge Thad Heartfield sentenced Mr. Gutierrez to a three (3) year term of supervised release as part of the sentence. *See id.*

1

The Court takes judicial notice of the complex procedural history regarding the defendant's mental health issues, dating to his first appearance on the Indictment before this court on April 26, 2017. The undersigned will not summarize that history here for the sake of brevity, but incorporates the record in support. *See, e.g.*, doc. #s 12, 16, 21, 22, 25, 29, 30, 31, 32, 33, 34, 35, 36.

Pertinent to the pending revocation proceedings, on October 24, 2019, the United States Probation Office filed its Petition (doc. #56) seeking the revocation of the defendant's supervised release. On November 4, 2019, pursuant to the motion of counsel, the undersigned entered an order directing the mental examination of the defendant (doc. #61). In that order, the Court directed that the defendant be committed to the custody of the Attorney General for placement in a suitable facility for an examination by a psychiatrist or psychologist pursuant to 18 U.S.C. §§ 4241 and 4242, where he was to be examined pursuant to the provisions of 18 U.S.C. § 4247(b).

On January 24, 2020, the Court received a forensic evaluation recommending the commitment of Mr. Gutierrez to a Federal Medical Center (FMC) for treatment for purposes of restoring competency. *See Sealed Forensic Evaluation* (doc. #63). The undersigned accordingly entered an order extending Mr. Gutierrez's commitment for restoration of competency. *See Order* (doc. #65).

B.  Current Competency Findings Before the Court for Consideration

On October 19, 2020, the warden for FMC Butner issued a letter notifying the Court and counsel that the forensic evaluation of Mr. Gutierrez had been completed. *See* doc. #66-2. The warden also forwarded a sworn Certificate of Restoration of Competency to Stand Trial (*see* 18 U.S.C. § 4241(e)), as well as a copy of the most recent forensic evaluation prepared by the forensic

psychology staff at FMC Butner. *See* doc. #66-1, #66. The examiners signed that report on October 22, 2020, and October 27, 2020, respectively. *See* doc. #66.

The competency report, which reflects the examiner's method of evaluation and opinion in detail and sets forth the corresponding psychological findings and recommendations, was filed in the record under seal and provided to both the defendant's attorney and the attorney for the Government. On December 10, 2020, the Court conducted a competency hearing to address the findings set forth in the psychological report. Given the opportunity, neither party objected to the report or offered evidence disputing the examiner's conclusion that Mr. Gutierrez is now competent to proceed.

      C.      <u>Conclusion and Recommendation</u>

Pursuant to 18 U.S.C. §§ 4241(d) and (e), the undersigned United States Magistrate Judge finds by a preponderance of the evidence that the defendant, Martin Gutierrez, has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense. Accordingly, based upon the opinion issued by the forensic psychological examiner and the agreement of the parties, at this time the Court recommends that defendant be found competent to proceed pursuant to 18 U.S.C. § 4241.

D. <u>Objections</u>

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 14th day of December, 2020.**

KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE