

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF TEXAS
### BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CASE NO. 1:17-CR-34 |
| | § | |
| MARTIN GUTIERREZ | § | |

### FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE
### BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District

of Texas, the District Court referred this matter for hearing and the submission of findings of fact

and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e).  The United

States alleges that the defendant, Martin Gutierrez, violated conditions of supervised release

imposed by United States District Judge Thad Heartfield.  The United States Probation Office

filed its *Petition for Warrant or Summons for Offender Under Supervision* (doc. #56) requesting

the revocation of the defendant's supervised release.  The Court conducted a hearing on January

5, 2021, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1.  The defendant

was present and represented by counsel at the hearing.  Having heard the evidence, this court

factually finds that the defendant has violated conditions of supervision and recommends that such

violation warrants the revocation of his supervised release.

1

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure11, the Court finds:

a.      That the defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

b.      That the defendant is fully competent and capable of entering an informed plea, that the defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

### A.  Procedural History

On October 16, 2019, Judge Heartfield sentenced Mr. Gutierrez after he pled guilty to the offense of Assaulting a Federal Officer, a Class C Felony.   Judge Heartfield sentenced the defendant to 19 months imprisonment, to run consecutive to the term imposed in case number 1:15-CR-462 in the United States District Court for the Southern District of Texas and with credit for time in custody beginning May 25, 2018.   *See Judgment* (doc. #54).   Judge Heartfield also imposed a three (3) year term of supervised release, to run concurrently with the term of supervision imposed in 1:15-CR-462 in the Southern District of Texas.   *Id.*   The term of supervision was subject to the standard conditions of supervision plus special conditions to include placement in a residential reentry center for a period of 180 days, access to financial information, drug testing and treatment, mental health treatment, and a $100 special assessment.   *See id.*   On October 24, 2019

2

Mr. Gutierrez completed his period of imprisonment (with credit for tie in custody) and began service of the supervision term.

### B. Allegations in Petition

The United States Probation Office alleges that the defendant violated a special condition of release in the following manner:

*You are to reside in a residential reentry center or similar facility, in a prerelease component, for a period of 180 days, to commence upon release from confinement, and you must observe the rules of that facility.*

During an intake interview, Mr. Gutierrez was noticeably having comprehension difficulties to the point of being incoherent and at times delusional, repeatedly advising that he wanted to relocate to Washington D.C. to play professional football.

### C. Evidence presented at Hearing:

At the hearing, the Government proffered evidence in support of the allegations in the petition to revoke.   Specifically, the Government would establish that on October 16, 2019, Judge Heartfield sentenced Mr. Gutierrez to a term of supervision which included an order directing him to reside in a residential reentry center (RRC) as part a condition of his supervised release.   The Government would also proffer testimony establishing that when Mr. Gutierrez appeared for his intake interview with the United States Probation Office, it was evident that he was not able to reside in the RRC or comply with the rules of that facility.   He ultimately did not comply with that condition.

Defendant, Martin Gutierrez., offered a plea of true to the allegations.   Specifically, he agreed with the evidence summarized above and pled true to the allegation that he failed to reside

3

in a residential reentry center in violation of his supervision conditions.

### D.   Sentencing Guidelines; Findings and Recommended Disposition

The allegations, supporting evidence and plea of true warrant revocation of supervised release.   *See* 18 U.S.C. § 3583(e)(3).   The Court factually finds by a preponderance of the evidence that the defendant violated a special condition of his supervised release by failing to reside in a residential reentry center as directed.   This conduct constitutes a Grade C violation under U.S.S.G.§ 7B1.1(a).   Upon finding a Grade C violation, the Court may revoke the defendant's supervised release.   *See* U.S.S.G. § 7B1.3(a)(2).

Based upon the Defendant's criminal history category and the Grade C violation, the Sentencing Guidelines suggest a sentence of imprisonment for a period ranging from 5 to 11 months.   *See* U.S.S.G. § 7B1.4(a).   The maximum term of imprisonment authorized by statute in this case is two (2) years because the original convictions was a Class C felony.   *See* 18 U.S.C. § 3583(e)(3).

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only.   *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)).   Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001).   Further, a sentence imposed for revocation

---

[1]   *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

will be upheld unless it is in violation of the law or plainly unreasonable.  *Id.   See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and the defendant's own admission supports a finding that the defendant, Martin Gutierrez, committed a Grade C violation of his supervision conditions. Defendant pled true, agreed with the Court's recommended sentence for that violation, and waived his right to allocute before the District Court.

Accordingly, based upon the defendant's plea of true, the agreement of the parties, and the evidence presented in this case, it is the recommendation of the undersigned United States Magistrate Judge that the District Court accept the plea of true and revoke Defendant's supervised release.   The undersigned magistrate judge recommends that the District Court order Defendant, Martin Gutierrez., to serve a term of **five (5) months imprisonment**, with credit for time served and no further term of supervision to follow.

## OBJECTIONS

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report.   *See* 28 U.S.C. § 636(b)(1).   A party's failure to object bars that party from:   (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court.   *See Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely

5

by reviewing and blindly adopting the magistrate judge's report and recommendation.  *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 7th day of January, 2021.**

KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE